STATE, Respondent, vs. RAINES, Appellant.

*February 20—February 27, 1948.*

*Frederick F. Hillyer* and *Lowell T. Thronson,* both of Madison, for the appellant.

The *Attorney General, William A. Platz,* assistant attorney general, and *Edwin M. Wilkie,* district attorney of Dane county, for the respondent.

PER CURIAM. The defendant was convicted in the circuit court for Dane county of murder in the first degree and sentenced to life imprisonment. He appealed from the judgment and sentence of the court to the supreme court. The plaintiff moves to dismiss the appeal on the ground the same was not allowed by one of the justices of the supreme court. The applicable statutory provisions are as follows : Sec. 358.11, Stats. 1947, provides : " . . . but no writ of error upon a judgment of conviction for an offense punishable by imprisonment for life shall issue unless allowed by one of the justices of the supreme court upon notice given to the attorney general." This provision is to be found in the statutes of 1849, ch. 104, sec. 7, and has been continued with immaterial modifications to the present time. Ch. 333, Laws of 1927, provides : "In all cases in which a writ of error is authorized by law to be issued by the supreme court to review any judgment or order in a criminal case, the party entitled to obtain such writ, in lieu thereof, may take an appeal from such judgment or order to the supreme court to obtain such review, by serving notice of appeal and procuring return to be made in the manner provided by law in civil cases." This provision was incorporated in and is now a part of sec. 358.13, Stats.

The state argues that by inference no appeal can be taken in a case where the defendant is sentenced to life imprisonment unless the appeal is allowed by a justice of the supreme court,

as in the case of a writ of error. This contention cannot be sustained. Sec. 358.13, Stats., provides how the appeal may be taken, that is by serving a notice of appeal and procuring a return to be made in the manner provided by law in civil cases. To hold that an appeal cannot be taken unless the appeal is allowed by a justice of this court would amount to an amendment of the statute.

At common law and under the constitution (sec. 21, art. I), a writ of error is a writ of right and may not be prohibited. There may have been some reason for requiring the allowance of a writ of error in capital cases under the practice at common law but it appears to serve no purpose at the present time, nor does any instance appear in this state where an application for a writ of error has ever been denied. See 4 C. J. S., Appeal and Error, secs. 9 to 16, inclusive, for a discussion of the uses of a writ of error under modern practice.

The motion to dismiss the appeal is denied, without costs.